UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JOSE CARMONA,                           :
                      Petitioner,       :
                                        :        07 Civ. 11300 (DLC)
            -v-                         :
                                        :        OPINION & ORDER
WILLIAM J. CONNOLLY, Superintendent,    :
Fishkill Correctional Facility,         :
                      Respondent.       :
                                        :
----------------------------------------X

APPEARANCES:

For Petitioner:
Jose Carmona, pro se
# 04-A-6788
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

For Respondent:
Andrew R. Kass
Orange County Attorney
255 Main Street, County Government Center
Goshen, NY 10924

DENISE COTE, District Judge:

        On January 21, 2011, the Honorable Paul E. Davison recommended

that the petition for a writ of habeas corpus, filed on December

17, 2007 pursuant to 28 U.S.C. § 2254 by Jose Carmona ("Carmona"),

be denied ("Report").  Carmona has not filed any objections to the

Report.  The Report is adopted for the reasons explained below.

1

BACKGROUND

Following a judgment entered at the conclusion of a bench
trial, as modified on appeal, Carmona stands convicted of assault
in the second degree, felony DWI and unlicensed operation offenses,
and lesser charges including two counts of disorderly conduct.  He
was sentenced as a violent felony offender principally to an
aggregate term of nine and one-third to twelve years' imprisonment.

The evidence at trial established that on April 17, 2004,
Carmona drove his car onto the median on Interstate 84 in the Town
of Waywanda, New York.  When police arrived on the scene, Carmona
and his passenger appeared intoxicated; Carmona denied that he was
the driver.  When police informed Carmona that they believed he was
the driver, Carmona became hostile and aggressive, and shouted
expletives at the police.

When the police attempted to place Carmona under arrest, a
struggle ensued, during which Carmona spit in the face of one of
the police officers.  Carmona announced that he had AIDS, and said
that as a result of being spit on by a person with AIDS, the police
officer would contract AIDS and die.  Carmona also kicked and
injured one of the police officers during the struggle.  Later, at
the police station, Carmona unsuccessfully attempted to spit on
another police officer and stated that the officer would contract
AIDS and die.

2

Carmona was charged with one count of attempted murder in the first degree, one count of attempted murder in the second degree, four counts of attempted assault in the first degree, four counts of attempted aggravated assault on a police officer, four counts of reckless endangerment in the first degree, assault in the second degree, driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, resisting arrest, obstructing governmental administration in the second degree, and two counts of disorderly conduct.

At trial, Carmona was acquitted of attempted murder, reckless endangerment, and aggravated attempted assault on a police officer, and convicted on the remaining charges.  On December 13, 2004, the trial court sentenced Carmona.

On appeal to the Appellate Division, Carmona argued that:  (1) he was denied due process because he was convicted of a crime -- attempted assault on a police officer -- that is legally impossible; (2) the prosecution failed to prove disorderly conduct, attempted assault in the second degree, and reckless endangerment in the first degree beyond a reasonable doubt; and (3) he was denied due process when the trial court failed to suppress his medical records.  On March 14, 2006, the Appellate Division, Second Department, modified Carmona's judgment by vacating the attempted assault convictions and the sentences imposed thereon, dismissed

those counts in the indictment, and otherwise affirmed the trial court's judgment.  People v. Carmona, 811 N.Y.S.2d 431 (N.Y. App. Div. 2006).  Carmona's appointed counsel sought leave to appeal, and Carmona requested permission to file a supplemental pro se brief.  The New York Court of Appeals denied leave to appeal on December 22, 2006.  People v. Carmona, 7 N.Y.3d 924 (2006).

Carmona filed this timely pro se petition on November 26, 2007, in which he asserts the following grounds for relief:  (1) that he was denied due process because the prosecution failed to prove disorderly conduct, attempted assault on a police officer, and reckless endangerment beyond a reasonable doubt; (2) that he was denied due process when the trial court admitted his medical records into evidence; and (3) that he was denied due process when the prosecution refused to provide him with copies of his trial transcripts in connection with his discretionary leave application to the Court of Appeals.

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the

4

face of the record." <u>Wilds v. United Parcel Serv.</u>, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review Section 2254 petitions where the state court has reached the merits of the federal claim. Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2). State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." <u>Id.</u> at § 2254(e)(1).

The Report rejects Carmona's claim that his convictions for disorderly conduct were not proven beyond a reasonable doubt. Since Carmona did not object to the Report's findings and they are not clearly erroneous, the Report is adopted.

The Report also rejects Carmona's claims regarding the reckless endangerment and attempted assault charges.  It is unnecessary to address these claims because Carmona was acquitted

on the reckless endangerment charge and his convictions for attempted assault were vacated on appeal.  See People v. Carmona, 811 N.Y.S.2d 431 (N.Y. App. Div. 2006).

The Report rejects Carmona's claim that the admission into evidence of medical records showing his HIV-positive status violated his due process rights.  As the Supreme Court observed in addressing the challenge by a habeas petitioner to the introduction of certain evidence at his trial, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions".  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  "Even erroneous evidentiary rulings warrant a writ of habeas corpus only where the petitioner can show that the error deprived him of a fundamentally fair trial."  Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir. 2004) (citation omitted).  For an error to rise to this level, the evidence "must have been sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it."  Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (citation omitted).  Carmona has not explained how the admission of his medical records violated his rights under the United States Constitution or federal law. Carmona cites New York Public Health Law § 2785, which sets forth a procedure for the disclosure of confidential, HIV-

related information, but he does not explain how an alleged failure to comply with this provision of New York law rises to the level of a due process violation cognizable on federal habeas review.

Finally, the Report rejects Carmona's claim that the Court of Appeals violated his due process rights by denying his request for trial transcripts in connection with his discretionary leave application to the Court of Appeals.  An application to the New York Court of Appeals for leave to appeal is confined to the issues presented to the Appellate Division. Bingham v. New York City Transit Auth., 99 N.Y.2d 355, 359 (2003).  Carmona's attorney made such an application to the Court of Appeals, and it was denied.  New York's rules do not require submission of trial transcripts to support the application, see N.Y. C.P.L.R. § 5513(b), and Carmona has not shown how possession of those transcripts would have assisted him in convincing the Court of Appeals to grant his application. As a consequence, this final claim of error is also rejected.

CONCLUSION

Carmona's December 17, 2007 petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Carmona has not made a substantial

7

showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). Carmona's failure to file written objections precludes appellate review. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:      New York, New York
            July 12, 2011

                                _____
                                     DENISE COTE
                                United States District Judge

COPIES SENT TO:

Jose Carmona
04-A-6788
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

Andrew R. Kass
Sr. Assistant District Attorney
255 Main Street, County Government Center
Goshen, NY 10924

Magistrate Judge Paul E. Davison
White Plains